UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN K. REEVES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   3:12-CV-722-PPS |
| | ) |
| CAROLYN COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Petitioner Steven K. Reeves seeks attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [DE 26], for the time spent on an appeal to this Court for review of a denial of social security benefits. The Commisioner argues that the attorney's enhanced hourly rate is not justified and that award should not be paid directly to Reeves' attorney. For the following reasons, the Court **GRANTS** the petition, and awards attorney's fees in the amount of $5794.56.

Reeves appealed to this Court after an Administrative Law Judge denied his claim for Disability Insurance Benefits and Supplemental Security Income in 2012. Reeves argued that the ALJ erred by failing to determine whether his respiratory symptoms met the requirements of Listing 3.02, which presumes a finding of disability for claimants with chronic obstructive pulmonary disease. Instead of fighting the appeal, the Commissioner joined Reeves in filing a Joint Motion for Remand in August 2013, stipulating that the case would be remanded back to an ALJ who would determine whether Reeves' symptoms met the requirements of Listing 3.02 [DE 23]. I granted the motion, and remanded the matter back to the ALJ on August 8, 2013 [DE 24].

1

In the pending motion, Reeves requests attorney's fees pursuant to the EAJA [DE 26]. Attached to the motion is an itemized accounting, supplemented by Plaintiffs' reply brief, breaking down the 1.3 hours Reeves' attorney spent on the appeal in 2012 and the 30.4 hours he spent in 2013 [DE 26-2; 28 at 6]. The accounting then provides for an hourly rate of $180.54 for work performed in 2012 and $182.89 for work performed in 2013 for a total fee amount of $5794.56 [DE 26-2; 28 at 6].

Attorneys' fees may be awarded under the EAJA if either the government's pre-litigation conduct or its litigation position lacked substantial justification. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The government has the burden on the question of substantial justification. *Golembiewski*, 382 F.3d at 724. Here the government does not contest the fact that Reeves is entitled to attorney's fees, but instead makes two collateral arguments regarding the size of the fee and the method of disbursement.

First, the Commissioner argues that Reeves hasn't justified an award of fees higher than the $125.00 hourly statutory amount. Congress has authorized the courts to award an increased hourly rate based upon the cost of living if a fee higher than $125.00 per hour is justified; however, the Seventh Circuit has determined that an enhanced hourly rate is not automatic. 28 U.S.C. § 2412(d)(2)(A); *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). The *Matthews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided. *See Gonzales v. Astrue*, No. 1: 10-cv-00899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012).

I find that Reeves has provided adequate justification for a cost of living increase. First, Reeves' attorney provided an affidavit explaining how he calculated his hourly rates using Consumer Price Index data obtained from the Bureau of Labor Statistics [DE 26-1 ¶7]. This is an accepted method of calculating the increase in the cost of living. *See, e.g., Smith v. Colvin*, No. 1:12-cv-320, 2013 WL 6148100, at *2 (N.D. Ind. Nov. 22, 2013). He also demonstrated that the cost of legal services has increased by attesting that his regular hourly rate is significantly higher than the statutory rate and by providing BLS Producer Price Index data showing the costs of office space for lawyers has increased by over 70% since 1996, well over the rate of inflation. [DE 26-1 ¶ 4; DE 26-3]. This type of evidence has been used to justify cost of living increases. *See, e.g., Claiborne v. Astrue*, 877 F. Supp. 2d 622, 627 (N.D. Ill. 2012); *Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, at *3 (N.D. Ill. June 4, 2012). Moreover, Reeves' requested rates are right in line with hourly rates approved by other courts in the area. *See, e.g., Cobb v. Colvin*, No. 11 CV 8847, 2013 WL 1787494, at *2 (N.D. Ill. Apr. 25, 2013) (awarding hourly rates of $184.75 for work done in 2012); *Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *2 (N.D. Ill. Feb.15, 2013) (awarding hourly rates of $181.25 based on the October 2011 CPI); *Misener v. Colvin*, 1:12-CV-036 JD, 2013 WL 6062709 (N.D. Ind. Nov. 18, 2013) (awarding hourly rates of $183 for work done in 2012). Further, even though the Commissioner has not questioned the number of hours billed, I find that the number of hours billed in this case - 31.4 attorney hours - is entirely reasonable. *See Schulten v. Astrue,* No. 08 cv 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (noting that 40 to 60 hours for EAJA fee cases is within the permissible range).

The Commissioner's second objection concerns the direct payment of fees to Reeves'

counsel. They argue that direct payment would bypass the Department of Treasury's centralized federal debt offset program. The Supreme Court held in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526–27, 177 L.Ed.2d 91 (2010), that EAJA fees can be administratively offset for federal debt repayment because they are awarded to the plaintiff, and not to the plaintiff's counsel. Yet, the *Astrue* court further suggested that where there is a valid assignment of the EAJA fees and no evidence of federal debt prior to the assignment, the payment of the fee award directly to the plaintiff's counsel may be appropriate. *Id.*; *Mathews-Sheets*, 653 F.3d at 565-66 (noting that where the plaintiff executed a valid assignment and has no pre-existing federal debts, "to ignore the assignment and order the fee paid to [the plaintiff] would just create a potential collection problem for the lawyer").

Here, Reeves has produced a valid assignment [DE 28-1] and the Commissioner only speculates that Reeves might have a debt to the United States [DE 27 at 5-6]. I am reluctant to create a collection burden, or at least a further delay in payment, for Plaintiff's counsel on mere speculation. Therefore, I grant Reeves' request that EAJA fees be paid directly to his counsel as set forth in their fees agreement. See *Williams v. Astrue*, No. 11-C-2053, 2013 WL 250795, at *3 (N.D. Ill. Jan. 23, 2013) (ordering that EAJA fees be paid directly to counsel); *Bias,* 2013 WL 615804, at *3 (same); *Fleming v. Astrue*, No. 10-C-3043, 2011 WL 4585240, at *3 (N.D. Ill. Sept. 27, 2011) (same).

## CONCLUSION

Accordingly, the Court **GRANTS** Reeves' petition for attorney's fees [DE 26]. The clerk shall enter **JUDGMENT** on the award of fees. Defendant Commissioner of Social Security is **ORDERED** to pay Reeves' attorneys' fees in the amount of **$5,794.56** for the time

spent on Reeves' appeal to this Court for review of the Commissioner's denial of social security benefits.

**SO ORDERED.**

ENTERED: February 26, 2014 /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT